Everett E. **WILLIAMS,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 41912.

Court of Criminal Appeals of Texas.

Feb. 19, 1969.

No attorney of record on appeal for appellant.

John Lindsey, Dist. Atty., Weatherford, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is felony theft; the punishment, four years.

It is shown by affidavit of the Parker County sheriff that on April 24, 1968, appellant was delivered to the sheriff of Johnson County upon a Bench Warrant issued by the District Court of Johnson County. It is further shown by affidavit of the sheriff of Johnson County that on May 15, 1968, appellant escaped from his custody. He was subsequently re-captured in the State of Colorado and was returned to the custody of the sheriff of Parker County on November 13, 1968.

Art. 44.09, Vernon's Ann.C.C.P., provides:

"If the defendant, pending an appeal in the felony case, makes his escape from custody, the jurisdiction of the Court of Criminal Appeals shall no longer attach in the case. Upon the fact of such escape being made to appear, the court shall, on motion of the State's attorney, dismiss the appeal; but the order dismissing the appeal shall be set side if it is made to appear that the defendant has voluntarily returned within ten days to the custody of the officer from whom he escaped; * * * *"

Not having voluntarily returned to the custody of the sheriff of Johnson County, within ten days after his escape, the State's motion to dismiss the appeal, as provided in Art. 44.09, supra, is granted.

It is so ordered.